# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANA WATSON, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:24-cv-00646-SEP |
| | ) |
| CROSSROADS HOSPICE OF ST. LOUIS, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are Defendant's Motion to Correct Name of Defendant, Doc. [6], and Motion to Dismiss, Doc. [7]. For the reasons set forth below, the motions are granted.

### FACTS AND BACKGROUND[1]

Self-represented Plaintiff Donna Watson filed a Complaint against Defendant "Crossroads Hospice and Palliative Care," which is properly named Crossroads Hospice of St. Louis, LLC. *See* Docs. [1], [6]. Plaintiff worked for Crossroads for several months in 2022 before she was terminated. *See* Doc. [1-3] at 3. She sues for employment discrimination under the Rehabilitation Act of 1973, Section 1981 of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA). *See* Doc. [1] at 2. Defendant moves for partial dismissal, arguing that "Plaintiff's claims under Title VII and the ADA must be dismissed for failure to exhaust administrative remedies." *See* Doc. [8] at 2.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief." To meet this standard and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] For purposes of this motion, the Court takes the factual allegations in the Complaint, Doc. [1], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific task" requiring the court to "draw on its judicial experience and common sense." *Id*. at 679. The factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)). The well-pled facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Title VII and ADA plaintiffs are "required to exhaust [their] administrative remedies with the EEOC," or the comparable state agency, "before bringing a formal action." *Tyler v. Univ. of Ark. Bd. of Trs*., 628 F.3d 980, 989 (8th Cir. 2011); *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 623 (8th Cir. 2019) ("The ADA requires a plaintiff to file a complaint with the EEOC before filing a suit in federal court."). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. *See* 42 U.S.C. § 2000e-5(b), (c), (e); 42 U.S.C. § 12117.

Plaintiff does not claim to have received a right-to-sue letter for her Title VII and ADA claims. In her Complaint, she checked boxes indicating that she did not receive a right-to-sue letter. And in her response to the Motion to Dismiss, she argues that she "has most definitely

2

exhausted all remedies" because the "EEOC has had the case/claim for almost 2 years without contacting request for information/updates with Plaintiff."  Doc. [11] at 1.  She also states that the EEOC "fail[ed] to contact [her] with a resolution after several calls/emails."  *Id*.  Plaintiff may be frustrated by the EEOC's delay in processing her charge of discrimination, but she cannot bring her Title VII and ADA claims until the EEOC provides her notice of a right to sue.  As she has evidently not received such notice, those claims are dismissed.

Accordingly

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss, Doc. [7], is **GRANTED**.

**IT IS FURTHER ORDERED** Defendant's Motion to Correct Name of Defendant, Doc. [6], is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk of Court amend the caption of the case to identify Crossroads Hospice of St. Louis, LLC, as Defendant.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 18th day of July, 2024.

                                                                       _____
                                                                       SARAH E. PITLYK
                                                                       UNITED STATES DISTRICT JUDGE