# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANA WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:24-cv-646-SEP |
| ) | |
| CROSSROADS HOSPICE OF ST. LOUIS, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are pro se Plaintiff Dana Watson's Motion to Compel With Request for Sanctions for Spoliation of Evidence, Doc. [88], Motion for Leave to File Under Seal, Doc. [95], Motion for Hearing, Doc. [99], and Amended Motion for Hearing, Doc. [100]. For the reasons set forth below, the motion to seal is granted as to Docs. [94] and [94-1] but denied as to Doc. [88], and all other motions are denied. While the Court does not at this time award Defendant its costs associated with responding to Plaintiff's motions, Plaintiff is on notice that continued harassment of opposing counsel and filing frivolous motions will result in such an award, and that failure to follow this Court's orders could result in dismissal of this case.

### FACTS AND BACKGROUND

On May 9, 2024, Plaintiff filed a complaint against Defendant Crossroads Hospice of St. Louis, alleging employment discrimination on the bases of race and disability. Doc. [1]. On January 14, 2025, Plaintiff amended her complaint. Doc. [30]. Plaintiff alleges employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.; the Rehabilitation Act of 1973, 29 US.C. §§ 701, et seq.; Section 1981 of the Civil Rights Act of 1866; and Title VII of the Americans with Disabilities Act. She also asserts claims for wrongful termination and retaliation. Defendant denies that Plaintiff notified it of any disability or made any accommodation request and that Plaintiff was terminated for her race or for reporting discrimination. Defendant alleges instead that Plaintiff was terminated for misconduct, including violating company confidentiality policy. Doc. [32] ¶ 12; Doc. [92] at 6.

The Court has held three discovery conferences upon request of the parties. On June 17, 2025, the Court held its first discovery conference to address a dispute regarding Plaintiff's discovery responses. Docs. [61], [70]. On August 18, 2025, the Court held a discovery conference and discussed appropriate parameters for production following disagreement about Defendant's responses to Plaintiff's second request for production of documents. During the conference, counsel for Defendant recounted her extensive efforts to acquire and produce documents and information in response to Plaintiff's discovery requests and spoliation accusations. Doc. [92] at 23-24. For example, Plaintiff accused Defendant of wrongfully withholding and destroying investigative reports relating to what Plaintiff characterized as racism allegations lodged against Crossroads Assistant Clinical Director Susan Harwell. *Id.* Defense counsel responded that she had interviewed the company's prior executive director and searched the email inboxes of Ms. Harwell and Ms. Watson and a corporate compliance email address, but she had found nothing of that nature regarding Ms. Harwell. *Id.* at 28-30.

The Court did find that the some of the information requested by Plaintiff was relevant and proportional to her claims and thus ordered Defendant to produce supplemental discovery to Plaintiff by September 12th, expanding its production to include records of employees fired by Defendant from the Chesterfield location during the relevant period for any reason, not just for cause. Docs. [90] at 43, 49; [79] at 1. The minute entry for that conference states "[a]ny motion to compel or for a protective order shall be filed no later than September 12th." Doc. [76]. Defendant moved to extend that deadline and the deadline for completing supplemental discovery to September 26, 2025, which the Court granted. Docs. [77], [78]. A week later, Defendant moved to amend the Case Management Order and extend all deadlines by a month so it could meet its discovery obligations, which Plaintiff opposed. Docs. [79], [80].

On September 11, 2025, Plaintiff filed a motion for a hearing to resolve a discovery dispute, alleging that Defendant failed to provide deposition dates. Doc. [80]. With her motion, Plaintiff submitted a record of emails between the parties in which her own communications to opposing counsel were unreasonable and uncooperative. For example, Plaintiff originally agreed to an October deposition, stating on September 2nd that she was free all of October. Doc. [80-1] at 6. A week later, she reversed course and unilaterally attempted to set a September 18th deposition, giving defense counsel less than 90 minutes to respond to her email with alternative dates, sending ten consecutive emails over the course of two days, and emailing Defendant her

2

grievances in all capital letters.  *Id.* at 3-10.  Defense counsel informed Plaintiff that her proposed date was not workable because the deponent had a surgery scheduled that day.  *Id.* at 3.

On September 16, 2025, the Court held another discovery conference, during which it granted Defendant's Motion to Amend Case Management Order, Doc. [79], for good cause shown and denied Plaintiff's request to compel adherence with her proposed deposition schedule.  *See* Doc. [84].  During the conference, the Court warned Plaintiff that her conduct arguably amounted to harassment and continuing her course of conduct could lead to sanctions.  Doc. [91] at 4.  The Court further alerted Plaintiff that "this discussion that you attached manifests totally inappropriate behavior in the context of this litigation" and warned Plaintiff that she was wasting time on matters that were not important to her case.  *Id.* at 3, 8.

Under the amended schedule, Defendant timely produced supplemental responses to Plaintiff's Second Requests for Production of Documents on September 23, 2025.  Doc. [93] at 1.  That same day, Plaintiff sent six emails and left a voicemail for defense counsel regarding her issues with the production, requesting a phone call by 10:30 a.m. the next morning.  *See* Docs. [93], [93-1].  Defense counsel attests that she and Plaintiff had a call before 10:00 a.m. the next morning.  Doc. [93-2].  On September 24, 2025, Plaintiff filed a sealed Motion to Compel with Request for Sanctions for Spoliation, Doc. [88].  Two weeks later, Defendant filed its opposition.  Doc. [93].  In her motion, Plaintiff alleges that Defendant failed to preserve and produce notes, witness statements, and other evidence relating to investigations that Defendant either did or should have conducted for certain allegations of discrimination relating to Defendant's prior employees, including Plaintiff.  Doc. [88].  Plaintiff asks the Court to compel production of such documents, or alternatively, seeks a variety of sanctions against Defendant for its alleged spoliation of the evidence, including adverse jury instructions.  *Id.*

Defendant responds that any non-privileged responsive documents have already been produced to Plaintiff following time-consuming and expensive searches.  Doc. [93].  For example, Defendant recounts its extensive search for discrimination complaints that Plaintiff alleges it has wrongfully withheld regarding Susan Harwell.  *Id.* at 4-7.  Defendant's efforts to locate the allegedly missing information includes searching Plaintiff's inbox and outbox for her entire period of employment (February through March 2022) and four months thereafter, reviewing the corporate compliance email and hotline number from January 1, 2022, through October 3, 2023, and searching the inboxes and outboxes of Ms. Harwell and Crossroads

3

Executive Director Colleen Dietmeyer for relevant terms such as "discrimination," "race," "Dana," "Watson," "Susan," "Harwell," and "complaint." *Id.* at 5-6.  Defendant reports that it has reviewed over 20,000 electronic documents for this case. *Id*. at 6.  Further, Defendant interviewed Ms. Dietmeyer, though she is no longer employed by Defendant, in its attempt to identify the allegedly missing evidence.  *Id.*  Ms. Dietmeyer stated that she "did not recall Ms. Harwell ever complaining about being discriminated against" nor ever seeing any of the allegedly missing evidence.  *Id.*  In Defendant's telling, "[n]o evidence was "lost" or "destroyed"—it simply does not exist as Plaintiff wishes, and Plaintiff refuses to accept that." *Id.* at 7-8.  Defendant further alleges that it "has informed [Plaintiff] several times that no non-privileged documents related to her termination or post-termination complaints are being withheld," and "[d]efense counsel informed Plaintiff on numerous occasions that it cannot produce documents that never existed." *Id.* at 7-8.  Defendant requests an award of its attorneys' fees and costs associated with responding to Plaintiff's motion. *Id.* at 8.

On October 14, 2025, Plaintiff filed a motion seeking to file her motion to compel and her reply in further support thereof, Docs. [88] and [94], under seal.  *See* Doc. [95].

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) provides remedies for failures to preserve electronically stored information.  "If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," the Court may award various sanctions if it finds that the failure to preserve (1) prejudices one party or (2) that a party acted intentionally to deprive the other of the information, the Court may award various sanctions. FED. R. CIV. P. 37(e)(1), (2).  If a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." FED. R. CIV. P. (a)(5)(B).  But the Court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Spoliation is the intentional destruction or significant alteration of evidence. *Pisoni v. Steak 'N Shake Ops., Inc.*, 468 S.W.3d 922, 926 (Mo. Ct. App. 2015) (citing *State ex rel. Zobel v. Burrell,* 167 S.W.3d 688, 691 (Mo. banc 2005). "Sanctions for spoliation of evidence require 'a

4

finding of intentional destruction indicating a desire to suppress the truth.'" *Mehner v. Furniture Design Studios, Inc.*, 143 F.4th 941, 954 (8th Cir. 2025) (quoting *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007)).  Mere negligent destruction of evidence does not constitute spoliation; the destruction must be intentional.  *Pisoni*, 468 S.W.3d at 926 (citing *Schneider v. G. Guilliams, Inc.,* 976 S.W.2d 522, 527 (Mo. Ct. App. 1998).  The moving party bears the burden of making a prima facie showing of the spoliator's fraudulent intent. *DeGraffenreid v. R.L. Hannah Trucking Co.*, 80 S.W.3d 866, 873 (Mo. Ct. App. 2002), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. 2003)

If a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order, the Court may dismiss the action, either sua sponte or on a defendant's motion.  FED. R. CIV. P. 41(b); s*ee, e.g.*, *Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797-98 (8th Cir. 2003) (dismissal with prejudice warranted when plaintiff caused delay and obstructed progress of discovery, including by making baseless motions for sanctions against opposing counsel); *Hunt v. City of Minneapolis*, 203 F.3d 524, 527-28 (8th Cir. 2000) (dismissal with prejudice warranted when litigant violated court's orders and Federal Rules); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962) (federal courts have inherent power to dismiss action for failure to prosecute).

Further, courts can award sanctions against pro se litigants.  "If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant.  Courts can assess costs and monetary sanctions against IFP litigants." *See Harris v. Forsyth,* 742 F.2d 1277 (11th Cir. 1984) ("a court has discretion to award costs against indigents 'as in other cases'"); *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986) (imposition of $1,000 fine on inmate litigant not presumptively objectionable); *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979); *see also Stern v. Inter–Mountain Telephone Co.*, 226 F.2d 409 (6th Cir. 1955) (dismissal for failure to pay costs is justified where court makes clear that payment is a condition for avoiding dismissal).  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (citing *State Exch. Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir. 1982); *Anthony v. Marion Cnty. Gen. Hosp.,* 617 F.2d 1164, 1169 n.8 (5th Cir. 1980)).

## ANALYSIS

Plaintiff evidently takes issue with how Defendant conducted its internal investigations. She alleges that she "wasn't interviewed by [] Crossroads at all, which would've been a critical step in the investigation [for her termination], which should've been preserved." Doc. [94] at 11. She also complains that "there were no actual interview notes, or investigation notes, to document the actual investigation taken place, only a summary of the investigation . . . ." *Id.* And she faults Defendant for producing only one witness statement even though there were five employees who witnessed the events that preceded her termination, calling the omission "a significant investigative flaw that weakens their credibility." Doc. [94] at 10; *see also* Doc. [94] at 7, 9 ("A second failed investigation"); ("This is now the second event of no investigation happening after employees report discrimination."). Whatever effect an insufficient investigation may have on a party's credibility, it does not amount to spoliation. If certain evidence never existed, Defendant is not at fault for not producing it. Defendant has gone to significant lengths to produce documents responsive to Plaintiff's discovery requests, including a number of contemporaneous reports of other employees about incidents involving Plaintiff. *See, e.g.*, Doc. [90] at 20, 27, 35. There is no evidence that Defendant has even withheld, much less destroyed, anything. Defendant has repeatedly informed Plaintiff that certain information she wants does not exist and has never existed. Doc. [93] at 8.

The Court agrees with Defendant that it cannot be compelled to produce that which does not exist. Plaintiff's motion to compel, including the request for sanctions, is denied. Although Plaintiff's motion was unjustified, the Court declines at this time to award Defendant its requested costs in light of Plaintiff's pro se status. **If Plaintiff persists with harassing communications and frivolous motion practice, she is on notice that she will be required to compensate Defendant for the costs associated with litigating any such issue in the future.** Plaintiff is also reminded that the Case Management Order and Eastern District of Missouri Local Rules require her to make a good faith attempt to resolve any discovery dispute before filing a motion to compel. *See* Doc. [85]. The CMO states "[p]ursuant to L.R. 37- 3/04, no motion to compel will be considered unless the parties have first attempted to resolve the dispute without Court intervention." *Id.* at 2. Plaintiff's email to defense counsel prior to filing her motion stated, "I will give you a call around 915am, or I can be available up until 1030am prior to filing my Motion to Compel . . . and if you just don't have the information I will have to

6

request Sanctions[.]" Doc. [93-1] at 1 (emphasis added). That email suggests that Plaintiff had already decided to file a motion to compel prior to conferring with Defendants, and that the purpose of the call was not to confer in good faith. If true, that would be a violation of the CMO and the Local Rules. Plaintiff should bear in mind that the Court has discretion to dismiss this action with prejudice if it finds she has willfully disobeyed a court order or intentionally engaged in a pattern of delay. *See, e.g.*, *Good Stewardship Christian Ctr.*, 341 F.3d at 797-98 (citing baseless sanctions motions among other misconduct).

## MOTION FOR SEALING

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Plaintiff moves to file Docs. [94] and [88] under seal. Doc. [94] is Plaintiff's Reply to Defendant's Opposition to her Motion to Compel. In it, Plaintiff recites details about internal disciplinary investigations and reports for other Crossroads employees. Attached as Doc. [94-1], Plaintiff includes discovery materials designated as confidential—emails and reports of disciplinary investigations, coaching sessions, and treatment records involving other Crossroads employees. The privacy of Crossroads employees who are uninvolved in this lawsuit and their interest in avoiding the embarrassment and negative career impacts associated with publicizing their employee disciplinary records outweigh the public's interest in viewing those particular records. Docs. [94] and [94-1] may therefore remain under seal. Plaintiff has filed redacted versions of Docs. [94] and [94-1], as required by Eastern District of Missouri Local Rule 13.05(A)(4)(c)(i). *See* Doc. [98].

7

Plaintiff's Motion to Compel with Request for Sanctions for Spoliation, Doc. [88], contains no confidential material.  The motion contains only boilerplate recitations of legal standards alongside conclusory statements regarding allegedly lost evidence.  Because the public's interest in access to the Court record outweighs any interest in its confidentiality, Doc. [88] will be unsealed.  Plaintiff also filed under seal her Memorandum in Support of her Motion for Leave to File under Seal, Doc. [96].  That document similarly contains only boilerplate recitations of legal standards and is thus ordered unsealed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel With Request for Sanctions for Spoliation of Evidence, Doc. [88], is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Under Seal, Doc. [95] is **GRANTED** in part and **DENIED** in part.  Plaintiff's motion is granted as to Docs. [94] and [94-1] but denied as to Doc. [88].

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing and Amended Motion for Hearing, Docs. [99] and [100], are **DENIED**.

Dated this 18th day of December, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

8